```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

MARTHA WORNNER                              CIVIL ACTION

VERSUS                                      NO: 13-6416

CHRISTIAN HOME HEALTH CARE,                 SECTION: J
INC., DRIVE MEDICAL DESIGN AND
MANUFACTURING, MEDTRADE, and
DURAMED, INC.
```

**ORDER AND REASONS**

Before the Court is a *Motion to Remand* filed by Plaintiff Martha Wornner ("Plaintiff") **(Rec. Doc. 11)** and an *Opposition* filed by Defendant Drive Medical Design and Manufacturing ("Drive") **(Rec. Doc. 12)**. Plaintiff's motion is set for oral argument on Wednesday, January 15, 2014. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for reasons expressed more fully below, that the motion should be **DENIED.**

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff alleges that on September 26, 2012, she was attempting to use a walker when the locks on the walker handle malfunctioned and caused plaintiff to fall to the floor, causing her to suffer injury. On September 24, 2013, Plaintiff filed suit in Orleans Parish Civil District Court against Drive, Christian Home Health Care, Inc. ("Christian Home"), Medtrade, and Duramed,

1

Inc. ("Duramed"). In her state court petition, Plaintiff alleges that Christian Home and Duramed are Louisiana corporations and that Drive and Medtrade are foreign corporations. Plaintiff alleges that the Defendants "provid[ed] a defective walker to plaintiff." (Rec. Doc. 1-3, p. 2). Specifically, Plaintiff alleges that Drive and Medtrade "designed and manufactured" the walker, and that Duramed "provided and delivered" the walker to Christian Home. (Rec. Doc. 1-3, p. 2). The allegations in Plaintiff's petition does not make the role of each Defendant clear, but in Plaintiff's memorandum, she clarifies that she purchased the walker from Duramed. Drive had submitted the affidavit of Ricky DeCastro, the owner and President of Duramed, wherein Mr. DeCastro admits that Duramed sold the walker to Plaintiff. (Rec. Doc. 1-4, p. 1). Plaintiff never clarifies the role that Christian Home played with respect to her use of the walker.

Plaintiff seeks damages for the following injuries:

1. Injuries to the head, brain and nervous system;
2. Severe and permanent headaches, emotional upset and distress and other psychological sequelae, including shock;
3. Posttraumatic cephalgia/concussion;
4. Coup-contrecoup;
5. Cervical strain;

      6. Thoracic/lumber strain;

      7. Bilateral shoulder strain/contusion;

      8. Bilateral knee strain/contusion;

      9. Bilateral calf strain/contusion;

      10.     Bilateral ankle strain/contusion;

      11.     Multiple bruises, contusions and abrasions of both arms, legs, head, neck, chest, abdomen, trunk, hips and back, along with hematomas, soft tissue injuries and severe and permanent internal injuries;

      12.     Strain, sprain, subluxation and other hurt and damage to the entire body, including the back and neck, the spine, bones, joints, nerves, tendons, ligaments, joint capsules, cartilages, muscles, facia and other soft tissues ... .

(Rec. Doc. 1-3, p. 2). Plaintiff requests damages for past, present, and future medical expenses, as well as for pain and suffering, mental anguish, and loss of enjoyment of life. (Rec. Doc. 1-3, p. 3). On November 14, 2013, Drive removed the action to this Court based on diversity jurisdiction.

## PARTIES' ARGUMENTS

Plaintiff argues that this matter should be remanded to state

court because the Court lacks diversity jurisdiction, both because the amount in controversy does not exceed $75,000 and because there is no complete diversity of citizenship.

### A. Amount in Controversy

In Plaintiff's motion, Plaintiff states that she "is willing to stipulate that the damages that she has incurred ... do not exceed $75,000.00, exclusive of interest and costs." (Rec. Doc. 11-1, p. 2). Drive argues that it is facially apparent that the amount in controversy is likely in excess of $75,000 because Plaintiff alleges a lengthy list of injuries, including injuries to her head, brain, and nervous system, and a coup-contrecoup injury. Drive also argues that because Plaintiff's state court petition does not state that she only seeks damages below the jurisdictional amount, Plaintiff has conceded that the requisite amount in controversy is met, despite Plaintiff's offer to stipulate.

### B. Diversity of Citizenship

Plaintiff argues that because she is a Louisiana citizen and Christian Home and Duramed are both Louisiana corporations, there is no complete diversity of citizenship in this case. Drive argues that Christian Home and Duramed were improperly joined in this action because Plaintiff has failed to establish a cause of action against either of them. According to Drive, because Plaintiff has alleged that the walker was defective, her claim is governed by the Louisiana Products Liability Act ("LPLA"), which provides the

4

exclusive cause of action against manufacturers for damage caused by their products, except in the narrow circumstance that a non-manufacturing seller of a defective product may be liable for damages only if it knew or should have known of the defect. Drive contends that Plaintiff has not alleged sufficient facts to show that Duramed is an LPLA manufacturer or that it knew or should have known of any defect. Drive further points out that Plaintiff has brought no evidence to contradict the affidavit of Mr. DeCastro, the owner and President of Drive, which states that Drive did not manufacture the walker and had no knowledge or reason to believe that the walker was defective.

Drive also maintains that Plaintiff has failed to state a cause of action against Christian Home because although Plaintiff listed Christian Home as a Defendant in the state court petition, the language of Plaintiff's petition only accuses the other three Defendants, and not Christian Home, of being at fault in her alleged accident, and because Plaintiff does not allege that Christian Home had any duty to her or that it breached that duty. Plaintiff argues generally that all ambiguities must be construed against removal and in favor of remand.

## LEGAL STANDARD

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity

jurisdiction exists where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## DISCUSSION

### A. Amount in Controversy

When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is sufficient. *De Aguilar*, 47 F.3d at 1412. Alternatively, a defendant can rely on summary judgment-type evidence of facts in controversy that establish the jurisdictional amount. *Id.* After a defendant has met its burden, the plaintiff, to obtain a remand, must prove to a legal certainty that its recovery will not exceed the jurisdictional amount. *Id.* For a stipulation that the amount in controversy is not in excess of $75,000 "to be binding, [the] stipulation must be filed *before* removal and affirmatively renounce the right to collect damages in excess of the stipulated amount." *Guillory v. Progressive Paloverde*

*Ins. Co.*, No. 13-1980, 2013 WL 6180294, at *2 (W.D. La. Nov. 25, 2013) (emphasis added). When a plaintiff, *after* initially filing suit, stipulates that the amount in controversy is below the statutory limit, that stipulation "does not divest a federal court of [diversity] jurisdiction." *Anderson v. Dow Chemical Co.*, 255 Fed. App'x 1, 3 (2007).

It is facially apparent that the amount in controversy likely exceeds $75,000. Plaintiff has alleged brain injuries, including coup-contrecoup, a type of traumatic brain injury. Plaintiff has also alleged injuries to her head and nervous system, and she has requested damages for past, present, and future medical expenses, pain and suffering, mental anguish, and loss of enjoyment of life. Plaintiff has offered to stipulate to an amount of damages below the jurisdictional amount, but she only made this offer after she initially filed suit, and after Drive removed the case to federal court. Therefore, the Court does not accept Plaintiff's stipulation.

Additionally, although Louisiana law generally precludes plaintiffs from stating specific damage amounts in their petitions, plaintiffs are required to explicitly declare in their state court petitions that their damages do not exceed $75,000 if they wish to establish lack of diversity jurisdiction in federal court. *Sweeny v. Petco Animal Supplies, Inc.*, No. 09-6763, 2009 WL 4019755, at *1 (E.D. La. Nov. 19, 2009) (McNamara, J.). When the state court

petition contains no such limitation, "the plaintiff has, in effect, conceded in its state court pleadings that the requisite jurisdictional amount is in controversy. This creates a 'strong presumption' in favor of jurisdiction." *Raggio, et al v. Hartford Steam Boiler Inspection and Ins. Co.*, No. 06-1981, 2006 WL 4059093, at *1 (W.D. La. Dec. 29, 2006) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). The Court is therefore persuaded by Drive's argument that Plaintiff has effectively conceded that the jurisdictional amount is met by failing to limit the amount of damages in her state court petition. For these reasons, the Court finds that the amount in controversy requirement is met.

### B. Diversity of Citizenship

Drive argues that the Court has diversity jurisdiction in this case because the two non-diverse defendants, Duramed and Christian Home, were improperly joined. A defendant may prove improper joinder either by showing "actual fraud in the pleading of jurisdiction facts," or by showing that the plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *McKee v. Kansas City So. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). Here, Drive argues that Plaintiff cannot establish a cause of action against Duramed or Christian Home under the Louisiana Products Liability Act ("LPLA") or any other legal theory.

The LPLA "provides the *exclusive* remedy for persons claiming injury due to product defects." *Willis v. Noble Drilling, Inc.*, 11-598 (La. App. 5 Cir. 11/13/12); 105 So.3d 828, 842, n.35 (citing *Scott v. Am. Tobacco Co., Inc.*, 04-2095 (La. App. 4 Cir. 2/7/07); 949 So.2d 1266, 1273, *writ denied*, 07-662 (La.1/7/08); 973 So.2d 740, and *writ denied*, 07-654 (La.1/7/08); 973 So.2d 740) (emphasis added). A plaintiff who alleges that a product is defective may not recover for damage caused by the product on the basis of any theory of liability other than the LPLA. *See* LA. REV. STAT. ANN. § 9: 2800.52 (1988). The plaintiff may only recover from a defendant who qualifies as a manufacturer of the product under the LPLA. *See id.*[1]

There is one exception under Louisiana law where a non-

---

[1] The statute defines "manufacturer" in several ways:

(1) [A] person or entity who is in the business of manufacturing a product for placement into trade or commerce," which includes "producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product. ...

(2) A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product. ...

(3) A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage. ...

(4) A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer. ...

(5) A seller of a product of an alien manufacturer if the seller is in the business of importing or distributing the product for resale and the seller is the alter ego of the alien manufacturer.

LA. REV. STAT. ANN. § 9: 2800.52 (1988). "Seller" is defined as "a person or entity who is not a manufacturer and who is in the business of conveying title to or possession of a product to another person or entity in exchange for anything of value." *Id.*

manufacturing seller of a defective product can be held liable outside of the provisions of the LPLA, "but only if he knew or should have known that the product sold is defective." *Zehner v. Nordskog Indus., Inc.*, No. 92-2508, 1992 WL 233984, at *3 (E.D. La. Sept. 12, 1992) (Feldman, J.) (internal citations omitted). However, a non-manufacturing seller has no duty to inspect a product for defects prior to selling it. *Id.*

Plaintiff has alleged that she purchased the walker from Duramed, which would make Duramed a "seller" of the walker under the LPLA. However, Plaintiff has not alleged facts that would qualify Duramed as a "manufacturer"; specifically, she has not alleged that Duramed exercised control over the design, construction, or quality of the walker, or that Duramed is the alter ego of an alien manufacturer. Therefore, it appears that Plaintiff's petition does not include allegations sufficient to state a cause of action against Duramed under the LPLA. Neither has Plaintiff sufficiently alleged that Duramed should be held liable as a non-manufacturing seller of a defective product because she has failed to allege that Duramed knew or should have known of any defect in the walker. Additionally, Drive has submitted Mr. DeCastro's affidavit, in which Mr. DeCastro declares that Duramed does not manufacture walkers; that it did not exercise any control or influence over the design, manufacture, or preparation of instructions or warnings for the walker in question; that it did

not label the walker as its own; that it did not represent that it was the manufacturer of the walker; that it did not repackage or install the walker; and that it had no knowledge or reason to believe that the walker was defective. Plaintiff has failed to controvert any of this evidence, and has therefore failed to state a cause of action against Duramed.[2]

Plaintiff has included Christian Home as a Defendant in this action but has never clarified the role that Christian Home played with respect to her use of the walker. Plaintiff has not alleged that Christian Home had any duty to her or that it breached that duty. It is therefore clear that Plaintiff has not stated a cause of action against Christian Home, even considering that the Court must construe the removal statute in favor of remand. Given Plaintiff's sparse allegations, there is no way for the Court to determine whether Christian Home qualifies as a "manufacturer" under the LPLA or whether Christian Home might be liable under the exception for non-manufacturing sellers.

Because Plaintiff has failed to state a claim against both Louisiana Defendants, Duramed and Christian Home, there is complete diversity of citizenship in this matter. Additionally, the amount

---

[2] The Court's holding here is consistent with its prior ruling in *Tantillo v. Cordis Corp.*, No. 04-2005, 2004 WL 2212113 (E.D. La. Sept. 30, 2014) (Barbier, J.) (finding that improper joinder may be established where a plaintiff fails to controvert a defendant's affidavit evidence). The Court's holding is also consistent with the ruling in *Jackson v. Pneumatic Prod. Corp.*, No. 00-3615, 2001 WL 1327656 (E.D. La. Oct. 26, 2001) (Duval, J.) (reaching the same result where a plaintiff failed to supplement its complaint to controvert the defendant's affidavit, which established facts that showed improper joinder).

in controversy likely exceeds $75,000. Therefore, the Court has diversity jurisdiction, and this matter is properly before the Court.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 11)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Duramed, Inc. and Christian Home Health Care, Inc. are hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the oral argument set for Wednesday, January 15, 2014 is **CANCELLED.**

New Orleans, Louisiana this 14th day of January, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE